Rosenthals
ND/IN Hammond

INN - PROB 22
Rev. 05/04

| | DOCKET NUMBER *(Tran. Court)* |
|---|---|
| | 0755 2:06CR00050 |

## TRANSFER OF JURISDICTION

| | DOCKET NUMBER *(Rec. Court)* |
|---|---|

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Niculae Traian Tudor | Northern District Of Indiana | |

NAME OF SENTENCING JUDGE

Honorable Rudy Lozano

| DATES OF PROBATION/ SUPERVISED RELEASE | FROM | TO |
|---|---|---|
| | 3/23/2007 | 3/22/2009 |

OFFENSE
CONSPIRACY TO DEFRAUD THE UNITED STATES

JUDGE ZAGEL    JUDGE ZAGEL

08 CR    491

MAGISTRATE JUDGE SCHENKIER

### PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE _____ Northern District Of Indiana _____

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or or supervised releasee named above be transferred with the records of this Court to the United States District Court for the ___Northern District of Illinois___ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

| 5/28/08 | |
|---|---|
| *Date* | *United States District Judge* |

*This sentence may be deleted in the discretion of the transferring Court.

### PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE _____ NORTHERN _____ DISTRICT OF _____ ILLINOIS _____

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

FILED
7-14-08
JUL 1 4 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| JUN 1 9 2008 | |
|---|---|
| *Effective Date* | *United States District Judge* |

08cr 491

**U.S. District Court Northern District of Indiana [LIVE]**
**USDC Northern Indiana (Hammond)**
**CRIMINAL DOCKET FOR CASE #: 2:06-cr-00050-RL-APR-4**
Internal Use Only



MAGISTRATE JUDGE SCHENKIER

Case title: United States of America v. Thompson et al

Date Filed: 03/20/2006
Date Terminated: 04/02/2007

Assigned to: Judge Rudy Lozano
Referred to: Magistrate Judge Andrew P Rodovich

**Defendant (4)**

**Niculae Tudor**
*TERMINATED: 04/02/2007*

represented by  **Steven Shobat**
Law Offices of Steven Shobat
53 W Jackson Blvd # 1603
Chicago, IL 61604
312-353-2118
Fax: 312-913-0382
Email: steven.shobat@sbcglobal.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this
court and cause.
STEPHEN R. LUDWIG, CLERK
By: _____
DEPUTY CLERK
Date: 7-7-2008

**Pending Counts**

18:371 CONSPIRACY TO DEFRAUD THE
UNITED STATES AND FORFEITURE
ALLEGATION
(1)

**Disposition**

Deft is hereby placed on probation for a term of 2
years. Dft is placed on home detention for a period of
4 mos. Special Assessment of $100 due immed. Deft
is to forfeit the sum $25,000 it the United States. No
fine imposed.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

8:1324(a)(1)(iii) AND SECTION 2 BRINGING IN
AND HARBORING ALIENS
(7-8)

18:2422 AND SECTION 2 COERCION OR
ENTICEMENT OF FEMALE
(9-10)

**Disposition**

dismissed orally at sentencing hearing by government

dismissed orally at sentencing hearing by
Government

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

**Plaintiff**

**United States of America**

represented by  **Diane L Berkowitz - AUSA**
US Attorney's Office - Ham/IN
5400 Federal Plaza Suite 1500
Hammond, IN 46320

219-937-5500
Fax: 219-852-2770
Email: Diane.Berkowitz@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Susan L Collins - AUSA**
US Attorney's Office - Ham/IN
5400 Federal Plaza Suite 1500
Hammond, IN 46320
219-937-5500
Fax: 219-852-2770
Email: susan.l.collins@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas S Ratcliffe - AUSA**
US Attorney's Office - Ham/IN
5400 Federal Plaza Suite 1500
Hammond, IN 46320
219-937-5654
Fax: 219-852-2770
Email: Tom.Ratcliffe@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/20/2006 | 11 | SEALED INDICTMENT as to Sun Cha Thompson (1) count(s) 1, 2-4, 7-8, 9-10, 12, James C Choi (2) count(s) 1, 5, 11-12, Bok J Young (3) count(s) 1, 6, 11, Niculae Tudor (4) count(s) 1, 7-8, 9-10, Ok Sun Mun (5) count(s) 1, 7-8, 9-10. (rmn) Indictment added on 3/24/2006 (rmn). Modified on 3/24/2006 to attached Indictment unsealed per court's order 27 (rmn). (Entered: 03/20/2006) |
| 03/20/2006 | 15 | ARREST Warrant Issued in case as to Niculae Tudor. (rmn) (Entered: 03/20/2006) |
| 03/20/2006 | 17 | MOTION to Unseal Indictment filed by United States of America as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun. (rmn) (Entered: 03/20/2006) |
| 03/20/2006 | 18 | *SEALED* MOTION to Seal Document filed by United States of America as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun. (rmn) Modified on 3/29/2006 (plm, ) terming motion pursuant to order #19 (Entered: 03/20/2006) |
| 03/20/2006 | | Judge update in case as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun. Judge Andrew P Rodovich added. (plm, ) (Entered: 03/27/2006) |
| 03/20/2006 | | Case unsealed as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun (plm, ) (Entered: 03/29/2006) |
| 03/20/2006 | 72 | EXPARTE APPLICATION for post-indictment restraining order filed by United States of America as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun. (rmn) (Entered: 05/10/2006) |
| 03/20/2006 | 73 | MOTION to Seal Document re 72 filed by United States of America as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun. (rmn) (Entered: 05/10/2006) |
| 03/21/2006 | 19 | *SEALED* Order Granting Motion 18 to Seal Document as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun. Signed by Judge Rudy Lozano on 3/21/2006. (rmn) (Entered: 03/21/2006) |
| 03/21/2006 | 20 | *SEALED* Sealed Document filed per Court's order 19 . (rmn) (Entered: 03/21/2006) |
| 03/21/2006 | 21 | ATTORNEY APPEARANCE: Steven Shobat appearing for Niculae Tudor (rmn) (Entered: 03/21/2006) |
| 03/21/2006 | 22 | ARREST Warrant Returned Executed on 03/21/2006 in case as to Niculae Tudor. (rmn) (Entered: 03/21/2006) |
| | | |

| 03/21/2006 | 31 | INITIAL APPEARANCE/ARRAIGNMENT as to Niculae Tudor (4) Count 1,7-8,9-10 held on 3/21/2006 before Judge Andrew P Rodovich. Government appeared by AUSA Susan Collins. Defendant appeared with attorney Steven Shobat. Paula Pramuk and James Holm appeared on behalf of U S Probation/Pretrial Services. Dft waives advice of constitutional rights, charges, penalties. Due to complexity of case speedy trial rights waived by Dft. Bond set in the amount of $20,000 unsecured with supervision. Govt to preserve all agent notes and provide all Brady materials. Rule 16 discovery due 3/31/06. No trial date will be assigned at this time. Arraignment proceeds. Dft waives reading of Indictment and pleads NOT GUILTY. Status for attys only set for 3/30/06 at 09:00 AM re deposition schedule of witnesses. Status Conference set for 5/4/2006 01:00 PM in Hammond before Magistrate Judge Andrew P Rodovich. Dft RELEASED.(Tape #Digitally Recorded.) (plm, ) (Entered: 03/29/2006) |
| --- | --- | --- |
| 03/21/2006 | 32 | Appearance Bond Entered as to Niculae Tudor in amount of $ 20,000.00 (plm, ) (Entered: 03/29/2006) |
| 03/21/2006 | 33 | ORDER Setting Conditions of Release as to Niculae Tudor (4) . Signed by Judge Andrew P Rodovich on 3/21/06. (plm, ) (Entered: 03/29/2006) |
| 03/21/2006 | 74 | ORDER granting 73 Motion to Seal Document as to Sun Cha Thompson (1), James C Choi (2), Bok J Young (3), Niculae Tudor (4), Ok Sun Mun (5). Signed by Judge Rudy Lozano on 3/21/2006. (rmn) (Entered: 05/10/2006) |
| 03/21/2006 | 75 | POST-INDICTMENT RESTRAINING ORDER as to Sun Cha Thompson (1), James C Choi (2), Bok J Young (3), Niculae Tudor (4), Ok Sun Mun (5). Signed by Judge Rudy Lozano on 3/21/2006. (rmn) Modified on 5/10/2006 (rmn). (Entered: 05/10/2006) |
| 03/22/2006 | 38 | NOTICE OF HEARING as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun Status Conference set for 5/4/2006 01:00 PM in Hammond before Magistrate Judge Andrew P Rodovich. (plm, ) (Entered: 03/29/2006) |
| 03/23/2006 | 27 | Order GRANTING 17 MOTION to Unseal Indictment filed by United States of America as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun. Motion 17 terminated as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun. Signed by Judge Rudy Lozano on 03/23/2006. (rmn) (Entered: 03/24/2006) |
| 03/24/2006 | 41 | MOTION to Unseal Case by United States of America as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun. (plm, ) (Entered: 03/29/2006) |
| 03/24/2006 | 42 | ORAL ORDER finding moot 41 Motion to Unseal Case as to Sun Cha Thompson (1), James C Choi (2), Bok J Young (3), Niculae Tudor (4), Ok Sun Mun (5) by Judge Andrew P Rodovich on 3/20/06. Case has been unsealed. (plm, ) (Entered: 03/29/2006) |
| 03/24/2006 | 43 | Letter from LaSalle Bank stating they have found no open accounts for any defendants. (plm, ) (Entered: 03/29/2006) |
| 03/31/2006 | 50 | ATTORNEY APPEARANCE Diane L Berkowitz appearing for USA. (Berkowitz, Diane) (Entered: 03/31/2006) |
| 03/31/2006 | 51 | ATTORNEY APPEARANCE Thomas S Ratcliffe appearing for USA. (Ratcliffe, Thomas) (Entered: 03/31/2006) |
| 04/26/2006 | 58 | NOTICE of the Deposition of Material Witness Keum Bae Her by United States of America as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun (Ratcliffe, Thomas) (Entered: 04/26/2006) |
| 04/28/2006 | 60 | NOTICE (Amended) of Deposition of Material Witness Keum Bae Her (modifying only the stated purpose of the deposition) by United States of America as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun (Ratcliffe, Thomas) (Entered: 04/28/2006) |
| 04/28/2006 | 61 | NOTICE of the Deposition of Material Witness Hea Ok Mun by United States of America as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun (Ratcliffe, Thomas) (Entered: 04/28/2006) |
| 04/28/2006 | 62 | MOTION For An Order Permitting the Government to Take Rule 15 Depositions of the Material Witnesses by United States of America as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun. (Ratcliffe, Thomas) (Entered: 04/28/2006) |
| 04/28/2006 | 63 | MOTION For Judicial Determination of Rule 15(d) Costs by United States of America as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun. (Ratcliffe, Thomas) (Entered: 04/28/2006) |

| 05/03/2006 | 64 | ORDER as to Sun Cha Thompson (1), James C Choi (2), Bok J Young (3), Niculae Tudor (4), Ok Sun Mun (5) granting 62 Government's Motion for an Order Permitting the Government to Take Rule 15 Depositions of the Material Witnesses. Signed by Judge Andrew P Rodovich on 5/3/2006. (rmn) (Entered: 05/03/2006) |
|---|---|---|
| 05/04/2006 | 71 | STATUS CONFERENCE as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun held on 5/4/2006 before Judge Andrew P Rodovich. Attorneys present for status conference as follows: Susan Collins and Thomas Ratcliffe AUSAs on behalf of Government. Steven Shobat and Edward Shisham on behalf of Nick Tudor. Ben Murphy on behalf of Sun Cha Thompson. Clark Holesinger on behalf of Keum Bae Her. Adam Tavitas on behalf of Ok Sun Mun. Jerry Flynn, John Martin and Kerry Connor on behalf of Hea Ok Mun, Jeong Hee Kim, Mingzi Zhao, Young Hwa Jeon, Ok Sun Kim, Pok Sun Palmer and Soon Ja Kim. Charles Stewart on behalf of Ansil Hyun. Stephen Scheele and Dana Hada on behalf of James Choi. Matthew Soliday on behalf of Kum Cha Meyer and Jennifer Meyer. James Foster on behalf of Bok Young. Rule 16 Discovery has been provided by Govt. Atty Foster to file pretrial motions by 6/19/2006 on behalf of Defendants. Supplements due 6/30/2006. Govt?s response due 7/31/2006. Govt has been previously instructed to preserve agent notes and provide Brady Materials. No formal arraignment order has been entered but standard provision enforced that attys to meet and confer to try and resolve discovery disputes. Final pretrial conference will be well in advance of trial so sufficient time allowed for any 404(B) Material as well as any 609 and Santiago proffers. Material witness depositions have been scheduled with no objections as of this date. After all depositions have concluded and signatures or waivers obtained cases will be dismissed and confinement of material witnesses will not be necessary. Immunity Order entered in 2:04-mc-26 proceedings is ORDERED unsealed so counsel can have access to such. Agent interview notes of material witnesses will be available by 5/5/2006. Atty Stewart makes court aware of bond condition problem of his client. Court sets bond review hearing for 5/10/2006 at 2:00 PM. on behalf of Ansil Hyun. Atty Foster on behalf of Defendants produces form order to help in conflicting dates for other court matters for the approval of court. Govt makes argument. Court orders depositions to take place on dates set. Govt orally moves for separation of witnesses. All counsel for material witnesses to discuss with clients not to discuss what transpires in depositions w/any other witnesses. Govt requests case agent to be present at depositions. No objections from all counsel. GRANTED. Govt Motion for Rule 15 Depositions and Motion for Rule 15d is GRANTED 63 as to Bok Young. All other parties may join in the motion. Any copies (not including original) of transcripts of depositions ordered w/be paid for by party ordering transcript. If a total waiver pursuant to Rule 30 is not made any transcript of deposition w/be provided to deponents w/in 7 days of testimony. (Tape #Digitally Recorded.) (plm, ) (Entered: 05/09/2006) |
| 05/05/2006 | 68 | JOINT STATUS CONFERENCE as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun held on 5/5/2006 before Judge Rudy Lozano in causes 2:06 cr 50 and 2:06 cr 51. Government appeared by attorney Susan Collins and Thomas Ratcliffe. Defendant appeared by attorney Benjamin W. Murphy, Stephen Scheele, Dana Hada, Doug Shaw, James Foster, Steven Shobat, Adam Tavitas, Mathew Soliday, also in attendance Charles Stewart. Status of case discussed. Govt advising the Court that they will be superseding the indictment. Counsel are in agreement that these cases will not be consolidated. Court setting trial dates as follows: 02:06 cr 50, Jury Trial set for 1/29/2007 08:30 AM in Hammond before Judge Rudy Lozano, as a primary setting. Cause 2:06 cr 51 set for jury trial on February 26, 2007, as a primary setting. Parties advise of trial procedures and deadlines.(Court Reporter Julie Churchill-Mickley.) (imr, ) Modified on 5/5/2006 (imr, ). Modified on 5/5/2006 (imr, ). Modified on 5/5/2006 (imr, ). (Entered: 05/05/2006) |
| 05/07/2006 | 69 | NOTICE *of the Deposition of Jeong Hee Kim* by United States of America as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun (Ratcliffe, Thomas) (Entered: 05/07/2006) |
| 05/07/2006 | 70 | NOTICE *of Deposition of Ok Soon Kim* by United States of America as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun (Ratcliffe, Thomas) (Entered: 05/07/2006) |
| 05/17/2006 | 78 | NOTICE *of the Deposition of Pok Sun Palmer, Which Will Take Place in the Third Floor Arbitration Room* by United States of America as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun (Ratcliffe, Thomas) (Entered: 05/17/2006) |
| 05/17/2006 | 79 | NOTICE *of the Deposition of Soon Ja Kim, Which Will Take Place in the Third Floor Arbitration Room* by United States of America as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun (Ratcliffe, Thomas) (Entered: 05/17/2006) |
| 06/21/2006 | 86 | TRANSCRIPT of Initial Appearance and Arraignment Proceedings as to Niculae Tudor held on 3/21/2006 before Judge Andrew P Rodovich. Court Reporter: Julie Churchill-Mickley. (Original Transcript housed in case #2:06CR51) (rmn) (Entered: 06/22/2006) |
| 06/30/2006 | 92 | MOTION to Dismiss *Immigration and Nationality Act Counts* by Niculae Tudor as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun. (Attachments: # 1 Exhibit |

|  |  | Deposition Excerpts)(Shobat, Steven) (Entered: 06/30/2006) |
|---|---|---|
| 06/30/2006 | 93 | MOTION to Dismiss *Mann Act Counts* by Niculae Tudor as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun. (Attachments: # 1 Exhibit Deposition Excerpts)(Shobat, Steven) (Entered: 06/30/2006) |
| 06/30/2006 | 94 | MEMORANDUM in Support of 92 MOTION to Dismiss *Immigration and Nationality Act Counts* by Niculae Tudor as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun (Shobat, Steven) (Entered: 06/30/2006) |
| 06/30/2006 | 95 | MEMORANDUM in Support of 93 MOTION to Dismiss *Mann Act Counts* by Niculae Tudor as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun (Shobat, Steven) (Entered: 06/30/2006) |
| 06/30/2006 | 96 | NOTICE *of Filing and Certificate of Service* by Niculae Tudor as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun (Shobat, Steven) (Entered: 06/30/2006) |
| 07/10/2006 | 101 | NOTICE *to the Court Regarding Termination of All Material Witness Warrants* by United States of America as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun (Ratcliffe, Thomas) (Entered: 07/10/2006) |
| 07/25/2006 |  | Set Hearing: Final Pretrial Conference set for 12/8/2006 01:00 PM in Hammond before Magistrate Judge Andrew P Rodovich re 110 . (rmn) (Entered: 07/25/2006) |
| 07/31/2006 | 112 | First MOTION for Extension of Time to File *Responses to the Defendants' Pretrial Motions* by United States of America as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun. (Ratcliffe, Thomas) (Entered: 07/31/2006) |
| 08/07/2006 | 113 | ORDER granting 112 Motion for Extension of Time to File responses to dft's pretrial motions as to Sun Cha Thompson (1), James C Choi (2), Bok J Young (3), Niculae Tudor (4), Ok Sun Mun (5). Government Response due by 8/31/2006. Signed by Judge Andrew P Rodovich on 8/7/06. (kjp, ) (Entered: 08/10/2006) |
| 08/30/2006 | 115 | MOTION for Extension of Time to File Response/Reply as to 93 MOTION to Dismiss, 92 MOTION to Dismiss by United States of America as to Niculae Tudor. (Collins, Susan) (Entered: 08/30/2006) |
| 09/21/2006 | 122 | ORDER taking under advisement 93 Motion to Dismiss as to James C Choi (2), Niculae Tudor (4), Ok Sun Mun (5). Government Response Brief due by 9/25/2006. Defendant Reply Brief due by 9/29/2006. Signed by Judge Rudy Lozano on 9/21/2006. (rmn) (Entered: 09/25/2006) |
| 09/25/2006 | 123 | MOTION for Extension of Time to File Response/Reply as to 93 MOTION to Dismiss by United States of America as to Niculae Tudor. (Collins, Susan) (Entered: 09/25/2006) |
| 10/02/2006 | 124 | ORDER granting 123 Motion for Extension of Time to File Response/Reply as to Niculae Tudor (4). Government Response Brief due by 10/20/2006. Signed by Judge Andrew P Rodovich on 10/2/2006. (rmn) (Entered: 10/02/2006) |
| 10/20/2006 | 129 | MOTION for More Time to Respond to the Two Pending Motions to Dismiss *(dkt. ## 92, 93)* by United States of America as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun. (Ratcliffe, Thomas) (Entered: 10/20/2006) |
| 10/27/2006 | 134 | ORDER granting 129 Motion for Additional Time to Response to the Two Pending Motions 92 , 93 to Dismiss. Government Response due by 11/20/2006. Signed by Judge Andrew P Rodovich on 10/27/2006. (rmn) (Entered: 10/28/2006) |
| 11/15/2006 | 135 | NOTICE OF HEARING as to Niculae Tudor Change of Plea Hearing set for 11/30/2006 02:00 PM in Hammond before Judge Rudy Lozano. (imr, ) (Entered: 11/15/2006) |
| 11/20/2006 | 139 | RESPONSE in Opposition by United States of America as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun re 92 MOTION to Dismiss *Immigration and Nationality Act Counts,* 93 MOTION to Dismiss *Mann Act Counts* (Ratcliffe, Thomas) (Entered: 11/20/2006) |
| 11/28/2006 | 140 | ORDER denying 92 Motion to Dismiss as to Sun Cha Thompson (1), James C Choi (2), Bok J Young (3), Niculae Tudor (4), Ok Sun Mun (5); denying 93 Motion to Dismiss as to Sun Cha Thompson (1), James C Choi (2), Bok J Young (3), Niculae Tudor (4), Ok Sun Mun (5). Signed by Judge Rudy Lozano on 11/28/2006. (rmn) (Entered: 11/29/2006) |
| 12/07/2006 | 143 | NOTICE OF HEARING as to Sun Cha Thompson, Bok J Young, Niculae Tudor, Ok Sun Mun: Final Pretrial Conference reset for 1/12/2007 03:00 PM in Hammond before Magistrate Judge Andrew P |

| | | Rodovich. PLEASE NOTE: PREVIOUS SETTING OF 12/8/2006 AT 1:00 PM IS VACATED.) (plm, ) (Entered: 12/07/2006) |
|---|---|---|
| 01/03/2007 | 150 | PLEA AGREEMENT as to Niculae Tudor (Ratcliffe, Thomas) (Entered: 01/03/2007) |
| 01/04/2007 | 152 | PLEA AGREEMENT as to Niculae Tudor (Ratcliffe, Thomas) (Entered: 01/04/2007) |
| 01/04/2007 | 153 | CHANGE OF PLEA SCHEDULED - STATUS CONFERENCE as to Niculae Tudor held on 1/4/2007 before Judge Rudy Lozano. Govt appeared by atty Thomas Ratcliffe. Dft appeared by atty Steven Shobat. Paula Pramuk appeared on behalf of U S Probation/Pretrial Services. Parties need additional preparation and are unable to proceed with hrg today. Change of Plea Hearing reset for 1/5/2007 03:00 PM in Hammond before Judge Rudy Lozano. (imr, ) (Entered: 01/04/2007) |
| 01/05/2007 | 154 | CHANGE OF PLEA HEARING as to Niculae Tudor held on 1/5/2007, Plea entered by Niculae Tudor (4) Guilty as to Count 1. before Judge Rudy Lozano. Govt appeared by atty Thomas Ratcliffe. Dft appeared by atty Steven Shobat. Paula Pramuk appeared on behalf of U S Probation/Pretrial Services. Court now accepts deft's plea of guilty and he is adjudged guilty of the charges contained in count one. Court reserves the right to accept or reject dft's plea agreement until time of sentencing and after review of the PSI. Deft will be allowed to remain on current bond conditions pending sentencing. Sentencing set for 3/23/2007 12:30 PM in Hammond before Judge Rudy Lozano. (Court Reporter Julie Churchill-Mickley.) (imr) (Entered: 01/08/2007) |
| 01/18/2007 | | (Court only) ***Motions terminated as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun: 157 First MOTION to Continue *January 29, 2007 Trial* filed by Sun Cha Thompson. This motion was denied with leave to refile per Status Conference held on 1/18/07. See DE# 159 (kjp) (Entered: 01/22/2007) |
| 03/16/2007 | 174 | SENTENCING MEMORANDUM by Niculae Tudor (Shobat, Steven) (Entered: 03/16/2007) |
| 03/23/2007 | 175 | NOTICE OF MANUAL FILING of Sealed Document by United States of America as to Niculae Tudor (Collins - AUSA, Susan) (Entered: 03/23/2007) |
| 03/23/2007 | 176 | MOTION to Seal Document filed by United States of America as to Niculae Tudor. (rmn) (Entered: 03/23/2007) |
| 03/23/2007 | 177 | SEALED MOTION re 176 filed by United States of America as to Niculae Tudor. (rmn) (Entered: 03/23/2007) |
| 03/23/2007 | 178 | SENTENCING held before Judge Rudy Lozano on 3/23/2007 for Niculae Tudor (4), Count(s) 1, Deft is hereby placed on probation for a term of 2 years. Dft is placed on home detention for a period of 4 mos. to commence 30 days from date of this judgment. Special Assessment of $100 due immed. Deft is to forfeit the sum $25,000 it the United States. No fine imposed. Count(s) 7-8, 9-10 dismissed orally at sentencing hearing by government. Motions terminated as to Niculae Tudor: 177 SEALED MOTION filed by United States of America, 176 MOTION to Seal Document filed by United States of America are granted. Govt appeared by atty Susan Collins. Dft appeared by atty Steven Shobat and Edward Shishem. Paula Pramuk appeared on behalf of U S Probation/Pretrial Services. (Court Reporter Julie Churchill-Mickley.) (imr) (Entered: 03/23/2007) |
| 04/02/2007 | 179 | JUDGMENT AND COMMITMENT ORDER ENTERED as to Niculae Tudor (4), Count(s) 1 Signed by Judge Rudy Lozano on 4/2/07. (imr) (Entered: 04/02/2007) |
| 08/06/2007 | 208 | MOTION to Travel *Outside of the Country* by Niculae Tudor. (Shobat, Steven) (Entered: 08/06/2007) |
| 08/06/2007 | 209 | NOTICE *of Filing* by Bok J Young as to Niculae Tudor (Shobat, Steven) (Entered: 08/06/2007) |
| 08/10/2007 | 212 | ORDER granting 208 Motion to Travel Out of the Country as to Niculae Tudor (4). Signed by Judge Rudy Lozano on 8/10/2007. (rmn) (Entered: 08/10/2007) |
| 10/12/2007 | 226 | ORDER granting 224 Motion for Extension of Time to File Response/Reply as to Sun Cha Thompson (1). Defendant Response Brief due by 11/12/2007 and must be limited to issues addressed by the government in the surreply. No extensions of time will be granted. Signed by Judge Rudy Lozano on 10/12/2007. (rmn) (Entered: 10/12/2007) |
| 01/10/2008 | 230 | MOTION to Travel by Niculae Tudor. (Shobat, Steven) (Entered: 01/10/2008) |
| 01/14/2008 | 231 | ORDER granting 230 Motion to Travel from 1/18/08 to 2/2/08 as to Niculae Tudor (4). Signed by Judge Rudy Lozano on 1/14/08. (kjp) (Entered: 01/14/2008) |
| 03/28/2008 | | Consent MOTION for Early Termination of Probation for Niculae Tudor (4) Count 1 by Niculae |

| | 251 | Tudor as to Sun Cha Thompson, Bok J Young, James C Choi, Niculae Tudor, Ok Sun Mun. (Shobat, Steven) (Entered: 03/28/2008) |
|---|---|---|
| 03/28/2008 | 252 | NOTICE *of Filing and Certificate of Service* re 251 MOTION for Early Termination of Probation for Niculae Tudor (4) Count 1 (Shobat, Steven) (Entered: 03/28/2008) |
| 04/02/2008 | 255 | ORDER taking under advisement 251 Motion for Early Termination of Probation as to Niculae Tudor (4). Gov'ts response due 4/8/08. Signed by Judge Rudy Lozano on 4/2/08. (kjp) (Entered: 04/02/2008) |
| 04/09/2008 | 258 | ORDER denying 251 Motion for Early Termination of Probation as to Niculae Tudor (4). Signed by Judge Rudy Lozano on 4/9/08. (kjp) (Entered: 04/09/2008) |
| 04/09/2008 | 259 | RESPONSE in Support by United States of America as to Niculae Tudor re 251 MOTION for Early Termination of Probation for Niculae Tudor (4) Count 1 (Ratcliffe - AUSA, Thomas) (Entered: 04/09/2008) |
| 04/15/2008 | 262 | MOTION to Travel by Niculae Tudor (Shobat, Steven) (Modified BY REMOVING DUPLICATE TEXT on 4/16/2008) (sda). Motion terminated on 5/1/2008 (kjp). (Entered: 04/15/2008) |
| 04/17/2008 | 263 | ORDER denying 262 Motion to Travel as to Niculae Tudor (4). Signed by Judge Rudy Lozano on 4/17/08. (kjp) (Entered: 04/17/2008) |
| 05/01/2008 | 269 | ORDER denying 267 Motion to Continue as to Bok J Young (3). Court reaffirms sentencing set for 5/2/08 at 10:00 AM. Signed by Judge Rudy Lozano on 5/1/08. (kjp) (Entered: 05/01/2008) |
| 05/02/2008 | 272 | MOTION to Reconsider Order denying Motion to Travel by Niculae Tudor. (Shobat, Steven) (Modified BY REMOVING REPETITIVE TEXT on 5/5/2008) (sda). (Entered: 05/02/2008) |
| 05/08/2008 | 274 | ORDER denying 272 Motion to Travel as to Niculae Tudor (4). Signed by Judge Rudy Lozano on 5/8/08. (kjp) (Entered: 05/09/2008) |
| 05/29/2008 | 285 | ORDER transferring probation jurisdiction to the Northern District of Illinois as to Niculae Tudor. Awaiting acceptance of other Court Judge. Signed by Judge Rudy Lozano on 5/29/08. Original returned to USPO. (kjp) (Entered: 06/02/2008) |
| 07/07/2008 | 292 | Jurisdiction Transferred to Northern District of Illinois as to Niculae Tudor Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (sent) (rmn) (Additional attachment(s) added on 7/8/2008: # 1 Letter from other court) (rmn). (Entered: 07/08/2008) |

JUDGE ZAGEL
FILED
MAGISTRATE JUDGE SCHENKIER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

06 MAR 20  AM 9: 07

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CAUSE NO. _____ |
| | ) | |
| v. | ) | 18 U.S.C. § 2   2:06CR050 RL |
| | ) | 18 U.S.C. §371 |
| SUN CHA THOMPSON | ) | 18 U.S.C. §1952(a)(3) |
| JAMES C. CHOI | ) | 18 U.S.C. §2422 |
| BOK YOUNG, a/k/a PENNY YOUNG | ) | 8 U.S.C. §1324(a)(1)(iii) |
| NICULAE TUDOR | ) | |
| OK SUN MUN | ) | |

**INDICTMENT**

**THE GRAND JURY CHARGES:**

**COUNT ONE**

**INTRODUCTION**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this
court and cause.
STEPHEN R. LUDWIG, CLERK
By: _____
DEPUTY CLERK
Date: 7-7-2008

At all times relevant to this indictment:

1.   A person who knowingly or intentionally performs, or offers or agrees to perform sexual

     intercourse or deviate sexual conduct; or fondles, or offers or agrees to fondle the genitals

     of another person for money or other property commits the crime of prostitution, in

     violation of Indiana Code 35-45-4-2.

2.   A person who knowingly or intentionally procures, or offers or agrees to procure, a

     person for another person for the purpose of prostitution, or having control of a place,

     knowingly or intentionally permits another person to use the place for the purpose of

     prostitution, or knowingly or intentionally conducts or directs another person to a place

-1-

for the purpose of prostitution commits promoting prostitution, in violation of Indiana

Code 35-45-4-4.

3.    Singapore Spa is located at 2034 45th Street in Highland, Indiana. This address is

commonly known as Porte De L'eau Plaza

4.    Barley Spa is located at 9636-9640 Forrest Drive in Highland, Indiana.  Barley Spa was

previously operated under the name Cozy Spa.

5.    Sun Spa is located at 1064 Joliet Street, Dyer, Indiana. This address is commonly known

as Sand Ridge Plaza.

6.    James Choi maintains a residence at 6034 N. Wolcott, Unit #3N Chicago, Illinois.  He

maintains a business address at 4908 Dempster St., Chicago, IL

7.    Bok Young maintains a residence at 952 Mayfair Court, Elk Grove Village, Illinois.

8.    From April 2003 until May 2004 Sun Cha Thompson maintained a residence at 1916

Georgetown Lane, Hoffman Estates, Il.  From May 1, 2004 until February 2006 she

maintained a residence at 2250 Cook Court, Schererville, Indiana.

9.    Niculae Tudor maintains a residence at 37314 N. Shirley, Gurnee, Illinois.

<u>SCHEME TO TRAVEL IN INTERSTATE COMMERCE AND USE
FACILITIES IN INTESTATE COMMERCE TO FACILITATE ILLEGAL
PROSTITUTION ACTIVITY</u>

10.    Beginning in or about April 2003, and continuing to on or about February 22, 2006, in the

Northern District of Indiana and elsewhere,

-2-

SUN CHA THOMPSON
JAMES C. CHOI
BOK YOUNG, a/k/a PENNY YOUNG
NICULAE TUDOR
OK SUN MUN

defendants herein, conspired with each other and with others, known and unknown to the

grand jury, to travel in interstate commerce and use facilities in interstate commerce with

the intent to promote, manage, establish, carry on, and to facilitate the promotion,

management, establishment, and carrying on of illegal prostitution activities in violation

of the Indiana Code, in violation of Title 18, United States Code, Section 1952(a)(3).

MANNER AND MEANS OF THE CONSPIRACY

11.    It was part of the conspiracy that defendants SUN CHA THOMPSON and JAMES

C.CHOI began operation of SINGAPORE SPA in April 2003.  SUN CHA THOMPSON,

JAMES C.CHOI, and an UNINDICTED CO-CONSPIRATOR conspired together and

with others known and unknown to the grand jury to operate a massage parlor as a front

for illegal prostitution activity.  THOMPSON , CHOI, an UNINDICTED CO-

CONSPIRATOR, and others managed the operation of the spa by purchasing advertising,

obtaining business licences, hiring and employing women to staff the business and

engage in sex acts for money, obtaining merchant accounts to permit and process credit

card payments by customers, opening bank accounts, and paying bills associated with the

business. The women hired to work in these spas would commonly be illegal aliens who

either entered the United States illegally or having entered the country legally now

possessed visas which were out of status.  These women would live at the spa, dependant

-3-

on the manager to provide them with meals.  THOMPSON and others established and
collected fees to be charged for entrance and admission into the prostitution business, and
once a customer was admitted, made sex acts available to the customers.  Customers were
given the option of paying for these services by credit card.  If a credit card was utilized,
the defendants, in processing and causing others to process individual credit card
payments, made and caused to be made interstate telephone calls to obtain charge
authorizations from the credit card companies. CHOI traveled from Illinois to Indiana to
collect and deposit proceeds of the prostitution business into SINGAPORE SPA'S bank
account.

12.    It was part of the conspiracy that defendants SUN CHA THOMPSON, JAMES C. CHOI,
       and BOK YOUNG conspired together and with others known and unknown to the grand
       jury to operate a massage parlor known first as COZY SPA, and later known as BARLEY
       SPA as a front for prostitution activity.   THOMPSON, CHOI, and YOUNG managed the
       operation of the spa by purchasing advertising, obtaining business licenses, hiring and
       employing women to staff the business and engage in sex acts for money, obtaining
       merchant accounts to permit and process credit card payments by customers, opening
       bank accounts, and paying bills associated with the business. The women hired to work at
       the spas would commonly be illegal aliens who either entered the United States illegally
       or having entered the country legally now possessed visas which were out of status.
       These women would live at the spa, dependant on the manager to provide them with
       meals.  THOMPSON, YOUNG and others established and collected fees to be charged
       for entrance and admission into the prostitution business, and once a customer was

admitted, made sex acts available to the customers based on negotiated terms. Customers were given the option of paying for these services by credit card. If a credit card was utilized, the defendants, in processing and causing others to process individual credit card payments, made and caused to be made interstate telephone calls to obtain charge authorizations from the credit card companies. CHOI traveled from Illinois to Indiana to collect and deposit proceeds of the prostitution business into COZY/BARLEY SPA bank accounts.

13.  It was part of the conspiracy that defendant SUN CHA THOMPSON , NICULAE TUDOR, OK SUN MUN, UNINDICTED CO-CONSPIRATOR 1 and UNINDICTED CO-CONSPIRATOR 2 conspired together and with others known and unknown to the grand jury to operate a massage parlor known as SUN SPA as a front for prostitution activity.  THOMPSON , OK SUN MUN and UNINDICTED CO-CONSPIRATOR 1 managed the operation of the spa by purchasing advertising, obtaining business licenses, hiring and employing women to staff the business and engage in sex acts for money,  and paying bills associated with the business. The women hired to work at the spa would commonly be illegal aliens who either entered the United States illegally or having entered the country legally now possessed visas which were out of status.  These women would live at the spa, dependant on the manager to provide them with meals. THOMPSON, MUN and UNINDICTED CO-CONSPIRATOR 1 established and collected fees to be charged for entrance and admission into the prostitution business, and once a customer was admitted, made sex acts available to the customers based on negotiated terms.

-5-

ACTS IN FURTHERANCE OF THE CONSPIRACY

14.    From in or about April 2003 until February 2006 defendants SUN CHA THOMPSON,

JAMES C. CHOI and an UNINDICTED CO-CONSPIRATOR, along with others known

to the grand jury operated SINGAPORE SPA. The defendants established a fee of

seventy dollars (70.00) for male customers who entered the business. This fee was

collected by the manager, sometimes known as the "mama san" or one of the working

girls. Payment could be made either by cash or by credit card. Payment of the entrance

fee entitled the customer to a shower and a massage. Typically, the customer was

accompanied into the shower by a prostitute, who would bath him. Following the

shower, the prostitute would begin the massage, and during the massage would either

negotiate with the customer for further sexual services or begin to provide sexual services

in anticipation of payment.

15.    From in or about April 2003 until February 2006, if a customer accepted the solicitation

from the prostitute, payment for these additional services would be paid directly to the

prostitute as a "tip". Sexual services provided included masturbation, fellatio, and sexual

intercourse.

16.    From in or about April 2003 until February 2006, defendants SUN CHA THOMPSON,

JAMES C. CHOI, and an UNINDICTED CO-CONSPIRATOR, along with others known

to the grand jury managed the business of SINGAPORE SPA. On April 7, 2003, a bank

account in the name of SINGAPORE SPA(account #7231492088) was opened at Fifth

Third Bank. The address listed on the account was the address of SINGAPORE SPA.

The signors on the account were JAMES CHOI and SUN CHA THOMPSON. Activity

-6-

for the account included a total of $121,530.00 in currency deposits made during the years 2003, 2004, and 2005.  There were also credit card deposits from American Express ($1425.00, with an average of $75.00 being deposited at a time), Merchant Services ($27,331.15, with an average of $73.76 being deposited at a time), and Transfirst ($7,760.00, with an average of $75.00 being deposited) during the years 2003, 2004, and 2005.

17.    On May 1, 2003 JAMES C. CHOI assumed the lease of the space occupied by SINGAPORE SPA in Porte De L'eau Plaza.

18.    On May 14, 2003 utility service at SINGAPORE SPA was begun in the name of JAMES C. CHOI doing business as SINGAPORE SPA.  On May 23, 2003 SUN CHA THOMPSON  made the first payment by writing a check to Northern Indiana Public Service Company (NIPSCO) on the SINGAPORE SPA Fifth Third account.  From July 2, 2003 through February 26, 2004, SUN CHA THOMPSON and JAMES C. CHOI paid the NIPSCO bills of SINGAPORE SPA by writing checks on the SINGAPORE SPA Fifth Third account.

19.    From in or about April 2003 until February 2006 the defendants SUN CHA THOMPSON,  JAMES C. CHOI and an UNINDICTED CO-CONSPIRATOR, promoted the business of SINGAPORE SPA by placing advertisements in the Chicago Sun-Times newspaper.  From 2003 to 2005 SUN CHA THOMPSON and JAMES C. CHOI wrote checks to the Chicago Sun-Times on the SINGAPORE SPA Fifth Third account totaling $24,089.00.  Payment for these ads traveled through interstate commerce to the Chicago Sun-Times advertising department located in the State of Illinois and were deposited into

-7-

the Chicago Sun Times account with LaSalle Bank in Chicago, Illinois. Typically these ads appeared in the sports section of the paper and often were in the form of a coupon advertising $20.00 off the price of admission. In addition to the Chicago Sun-Times, the defendants also advertised the SINGAPORE SPA in the Northwest Indiana Times newspaper, and paid for the ads by writing checks on the SINGAPORE SPA Fifth Third account.

20.    From in or about May 2003 until October 31, 2004 the defendants SUN CHA THOMPSON and JAMES C. CHOI, contracted with Merchant Services located in Madisonville, Ohio to process credit card payments by customers. At the direction of the defendants, customers who chose to pay for their services using a credit card had their card swiped at SINGAPORE SPA. In order to verify and process each individual payment, interstate telephone calls would be made to obtain charge authorization from the credit card companies. From November 3, 2004 until May 31, 2005 SUN CHA THOMPSON, JAMES C. CHOI, and an UNINDICTED CO-CONSPIRATOR contracted with Transfirst, Inc. located in Louisville, CO. to process credit card payments by customers who chose to pay for their services using a credit card

21.    In or about May 2005 defendants SUN CHA THOMPSON and JAMES C. CHOI sold the business known as SINGAPORE SPA to an UNINDICTED CO-CONSPIRATOR for the amount of $70,000.00. At the direction of SUN CHA THOMPSON, payments were made directly to her, and were made in United States currency. Despite the sale of the business, the lease of the building occupied by SINGAPORE SPA remained in the name of defendant JAMES C. CHOI.

-8-

22. From in or about April 2004 until February 2006 defendants SUN CHA THOMPSON, JAMES C. CHOI and BOK YOUNG, along with others known to the grand jury operated COZY/BARLEY SPA. The defendants established a fee of seventy dollars (70.00) for male customers who entered the business. This fee was collected by the manager, sometimes known as the "mama san" or one of the working girls. Payment could be made either by cash or by credit card. Payment of the entrance fee entitled the customer to a shower and a massage. Typically, the customer was accompanied into the shower by a prostitute, who would bath him. Following the shower, the prostitute would begin the massage, and during the massage would either negotiate with the customer for further sexual services or she would begin sexual services in anticipation of payment.

23. From in or about April 2004 until February 2006, if a customer accepted the solicitation from the prostitute, payment for these additional services would be paid directly to the prostitute as a "tip". Sexual services provided included masturbation, fellatio, and sexual intercourse.

24. On or about April 1, 2004 SUN CHA THOMPSON purchased the business known as COZY SPA from an UNINDICTED CO-CONSPIRATOR for the amount of $40,000.00.

25. On or about November 16, 2004 JAMES C. CHOI assumed the lease of the space occupied by COZY SPA from an UNINDICTED CO-CONSPIRATOR.

26. From in or about April 2004 until February 2006 SUN CHA THOMPSON, JAMES C. CHOI, and BOK YOUNG managed the business of COZY/BARLEY SPA. On April, 1, 2004,a bank account in the name of COZY SPA (account #7231755492) was opened  at Fifth Third Bank. The address on the account was the address of COZY/BARLEY SPA.

-9-

The signors on the account were JAMES C. CHOI and SUN C. THOMPSON. The account was eventually closed on September 20, 2005. An analysis of this bank account revealed that deposits of U.S. currency were made in the amounts of $64,100.00 in 2004 and $43,500.00 in 2005, totaling $107,600.00. A total of $7,527.10 of credit card transactions was deposited in 2004-2005. The total amount deposited in the account in 2004-2005 was $120,177.10. On August 16, 2005, a bank account in the name of BARLEY SPA (account #7233445241) was opened at Fifth Third Bank. The address on the account was the address of BARLEY SPA. The signors on the account were JAMES C. CHOI and BOK YOUNG. From September 2005 until February 2006 JAMES CHOI made frequent cash deposits into the BARLEY SPA Fifth Third account.

27. On or about May 2, 2004 SUN CHA THOMPSON contacted LADCO Leasing, a corporation located in Thousand Oaks, CA, using an interstate facility to negotiate a lease for a credit card processing machine for COZY SPA. On August 15, 2005 SUN CHA THOMPSON contacted LADCO Leasing utilizing an interstate facility and advised LADCO that the business known as COZY SPA was now closed. Subsequently, BOK YOUNG, a/k/a PENNY YOUNG contacted LADCO using an interstate facility to advise them that SUN CHA THOMPSON was no longer the owner of the business and that she wished to terminate the equipment finance lease.

28. On or about May 3, 2004 the defendant SUN CHA THOMPSON, using interstate facilities, entered into an agreement with Merchant Services located in Blackwood, New Jersey, and IRN located in Westbury, New York for merchant clearing services for the processing of credit cards. THOMPSON signed this lease as the owner of COZY SPA.

-10-

In this contract, THOMPSON indicated that the average credit card transaction was $70.00, with a monthly volume of $5,000.00.

29.    On or about May 6, 2004 and June 28, 2004 defendant SUN CHA THOMPSON purchased advertising using an interstate facility in a publication known as The Korea Daily, located in Elk Grove Village, Illinois on behalf of COZY SPA.

30.    On or about May 24, 2005 a Town of Highland Business/Alarm Registration for COZY SPA was filed listing JAMES C. CHOI as owner of the business and defendant SUN CHA THOMPSON as manager.

31.    From in or about April 2004 until February 2006 the defendants SUN CHA THOMPSON,  JAMES C. CHOI and BOK YOUNG a/k/a PENNY YOUNG promoted the business of COZY SPA and BARLEY SPA by placing advertisements in the Chicago Sun Times newspaper.  From 2004 to 2006 SUN CHA THOMPSON, JAMES C. CHOI, and BOK YOUNG a/k/a PENNY YOUNG wrote checks to the Chicago Sun-Times on the COZY SPA and BARLEY SPA Fifth Third account.  Payment for these ads traveled through interstate commerce to the Chicago Sun-Times advertising department located in the State of Illinois and were deposited into the Chicago Sun Times account at the LaSalle Bank in Chicago, Illinois.  Typically these ads appeared in the sports section of the paper and often were in the form of a coupon advertising $20.00 off the price of admission.  In addition to the Chicago Sun-Times, the defendants also advertised the COZY/BARLEY SPA in the Northwest Indiana Times newspaper, and paid for the ads by writing checks on the COZY/BARLEY SPA Fifth Third account.

32.  In or about November, 2005 defendant SUN CHA THOMPSON received a package via the United States mail at COZY SPA from ROBERTSON ENTERPRISES, located in Vista, CA.  Rob Robertson, owner of ROBERTSON ENTERPRISES, is a known supplier of condoms to Asian spas.

33.  From in or about September 2004 until February 2006 defendants SUN CHA THOMPSON, NICULAE TUDOR, OK SUN MUN,  UNINDICTED CO-CONSPIRATOR 1 and UNINDICTED CO-CONSPIRATOR 2 , along with others known and unknown to the grand jury operated SUN SPA. The defendants THOMPSON, OK SUN MUN, and UNINDICTED CO-CONSPIRATOR 1 established a fee of seventy dollars (70.00) for male customers who entered the business.  This fee was collected by the manger of the spa, sometimes known as the " mama san".   Payment of the entrance fee entitled the customer to a shower and a massage.  Typically, the customer was accompanied into the shower by a prostitute, who would bath him.  Following the shower, the prostitute would begin the massage, and during the massage would either negotiate with the customer for further sexual services or begin to provide sexual services in anticipation payment.

34.  From in or about September 2004 until February 2006, if a customer accepted the solicitation from the prostitute, payment for these additional services would be paid directly to the prostitute as a "tip".   Sexual services provided included masturbation, fellatio, and sexual intercourse.

35   In or about September 2004 NICULAE TUDOR assumed the lease of the space occupied by Sun Spa in Sand Ridge Plaza.  In or about April 2005 JNE, Inc, was incorporated in

the State of Indiana. The entity address was listed at the same address as SUN SPA.

Both the registered agent and incorporator were listed as NICULAE TUDOR. In or about

May 2005 NICULAE TUDOR d/b/a JNE Inc., purchased the business known as Sun Spa

from an individual known to the grand jury for the sum of $60,000.00.

36. On May 3, 2005, NICULAE TUDOR opened checking account #7233272710 in the

name of JNE, Inc. at Fifth Third Bank. The address on the account was listed as SUN

SPA'S address. NICULAE TUDOR was the only signor on the account. Between May

2005 and October 2005, $59,146.72 was deposited into the Fifth Third account.

$58,440.00 of that sum was deposited as United States currency.

37. In or about February 2005 through on or about February 2006 SUN SPA was managed

by UNINDICTED COCONSPIRATOR 1 and OK SUN MUN. UNINDICTED

COCONSPIRATOR 1 would travel between her home in Buffalo Grove, Il and SUN

SPA. During this period UNINDICTED COCONSPIRATOR 1would purchase food

items and toiletry items from stores in Illinois and Indiana and bring these items to the

women living in the Sun Spa. MUN worked as the "kitchen woman" and had the

responsibility of collecting money and distributing condoms to the working women.

38. In or about January 206, SUN CHA THOMPSON assumed the lease of the space

occupied by SUN SPA located in Sand Ridge Plaza. On or about December 29, 2005

THOMPSON, MUN, UNINDICTED COCONSPIRATOR 1, and UNINDICTED CO-

CONSPIRATOR 2 met with the property manager of Sand Ridge plaza. At this meeting

THOMPSON indicated that she wished to put the lease in the name of UNINDICTED

CO-CONSPIRATOR 2, a resident of the State of Kentucky, or in the alternative, in the

-13-

name of JAMES C. CHOI.  Ultimately, THOMPSON signed the lease in her own name.

THOMPSON then offered to pay the security deposit of $5952.00 in United States

currency.  When the property manager asked that payment be made by check, SUN CHA

THOMPSON and UNINDICTED CO-CONSPIRATOR 2 purchased United States Postal

Money Orders in the amounts of $1000, $1000, $1000 and $952.  THOMPSON also

traveled to the Fifth Third Bank branch in Dyer, Indiana and purchased a $2000 money

order in UNINDICTED CO-CONSPIRATOR 2'S name. THOMPSON  sent the money

orders to the property manager using the United States Mail. After this transaction,

THOMPSON owned 70% of the business and MUN owned 30% of the business.

39.     From on or about May 2005 through February 2006 defendants TUDOR, UNINDICTED

        CON-CONSPIRATOR 1, and SUN CHA THOMPSON, using interstate commerce,

        purchased advertising on behalf of SUN SPA from the Chicago Sun Times newspaper in

        Chicago, Illinois.

40.     From on or about January 2006 through on or about February 2006 SUN CHA

        THOMPSON supplied condoms to the women working at SUN SPA that she obtained

        through interstate commerce from Robertson Enterprises, located in the State of

        California.


        All in violation of Title 18, United States Code, Section 371


-14-

**THE GRAND JURY FURTHER CHARGES:**

## COUNT TWO

On or about May 3, 2003  through on or about October 31, 2004, in the Northern District of Indiana,

### SUN CHA THOMPSON

defendant herein, did use and cause to be used, a facility in interstate commerce, that is, the United States Mail and  telephone calls to obtain charge authorizations for credit card purchases made from Singapore Spa in Highland, Indiana to Merchant Services, located in Madisonville, Ohio, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, and carrying on of an unlawful activity, said unlawful activity being a business enterprise involving prostitution, in violation of Indiana Code 35-45-4-2, and thereafter did perform and attempt to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

All in violation of Title 18, United States Code Section 1952(a)(3) and Title 18, United States Code Section 2.

-15-

**THE GRAND JURY FURTHER CHARGES:**

<u>**COUNT THREE**</u>

On or about November 1, 2004 through on or about May 31, 2005, in the Northern District of Indiana,

**SUN CHA THOMPSON**

defendant herein, did use and cause to be used, a facility in interstate commerce, that is, the United States Mail and  telephone calls to obtain charge authorizations for credit card purchases made from Singapore Spa in Highland, Indiana to Transfirst, located in Louisville, CO, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, and carrying on of an unlawful activity, said unlawful activity being a business enterprise involving prostitution, in violation of Indiana Code 35-45-4-2, and thereafter did perform and attempt to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

All in violation of Title 18, United States Code Section 1952(a)(3) and Title 18, United States Code Section 2.

-16-

**THE GRAND JURY FURTHER CHARGES**:

## COUNT FOUR

On or about May 3, 2004 through on or about December 31, 2004, in the Northern

District of Indiana,

### SUN CHA THOMPSON

defendant herein, did use and cause to be used, a facility in interstate commerce, that is, the

United States Mail and  telephone calls to obtain charge authorizations for credit card purchases

made from Cozy Spa in Highland, Indiana to Merchant Services located in Blackwood, New

Jersey and IRN, Inc, located in Westbury,  New York, with the intent to promote, manage,

establish, and carry on, and to facilitate the promotion, management, and carrying on of an

unlawful activity, said unlawful activity being a business enterprise involving prostitution, in

violation of Indiana Code 35-45-4-2, and thereafter did perform and attempt to perform acts to

promote, manage, establish, and carry on, and to facilitate the promotion, management,

establishment, and carrying on of said unlawful activity.

All in violation of Title 18, United States Code Section 1952(a)(3) and Title 18, United

States Code Section 2.

-17-

**THE GRAND JURY FURTHER CHARGES:**

## COUNT FIVE

On or about February 22, 2006, in the Northern District of Indiana,

### JAMES C. CHOI

defendant herein, knowing or in reckless disregard of the fact that an alien, HOM, had entered

and remained in the United States in violation of law, did conceal, harbor, and shield from

detection HOM in a building known as Singapore Spa, located at 2034 45th Street in Highland,

Indiana,

 In violation of Title 8 United States Code, Section 1324(a)(1)(iii) and Title 18 United

States Code Section 2.

-18-

**THE GRAND JURY FURTHER CHARGES:**

## COUNT SIX

On or about February 22, 2006, in the Northern District of Indiana,

### BOK YOUNG

defendant herein, knowing or in reckless disregard of the fact that an alien, SJK, had entered and

remained in the United States in violation of law, did conceal, harbor, and shield from detection

SJK in a building known as Barley Spa, located at 9640 Forrest Avenue

in Highland, Indiana,

     In violation of Title 8 United States Code, Section 1324(a)(1)(iii) and Title 18 United

States Code Section 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT SEVEN

On or about February 22, 2006, in the Northern District of Indiana,

**SUN CHA THOMPSON**
**OK SUN MUN**
**NICULAE TUDOR**

defendant herein, knowing or in reckless disregard of the fact that an alien, JHK had entered and

remained in the United States in violation of law, did conceal, harbor, and shield from detection

JHK in a building known as Sun Spa, located at 1064 Joliet Street in Dyer, Indiana,

In violation of Title 8 United States Code, Section 1324(a)(1)(iii) and Title 18 United

States Code Section 2.

-20-

**THE GRAND JURY FURTHER CHARGES:**

<u>**COUNT EIGHT**</u>

On or about February 22, 2006, in the Northern District of Indiana,

**SUN CHA THOMPSON**
**OK SUN MUN**
**NICULAE TUDOR**

defendant herein, knowing or in reckless disregard of the fact that an alien, KBH had entered and

remained in the United States in violation of law, did conceal, harbor, and shield from detection

KBH in a building known as Sun Spa, located at 1064 Joliet Street in Dyer, Indiana,

In violation of Title 8 United States Code, Section 1324(a)(1)(iii) and Title 18 United

States Code Section 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT NINE

On between January 2005 through on or between February 22, 2006, in the Northern

District of Indiana,

**SUN CHA THOMPSON
OK SUN MUN
NICULAE TUDOR**

defendants herein, did knowing persuade, induce, and entice JHK to travel in interstate

commerce from Chicago, Illinois to Dyer, Indiana to engage in prostitution, in violation of

Indiana Code 35-45-4-2,

In violation of Title 18, United States Code, Section 2422, and Title 18, United States

Code, Section 2.

-22-

**THE GRAND JURY FURTHER CHARGES:**

<div align="center">

**COUNT TEN**

</div>

On between January 2005 through on or between February 22, 2006, in the Northern

District of Indiana,

<div align="center">

**SUN CHA THOMPSON**
**OK SUN MUN**
**NICULAE TUDOR**

</div>

defendants herein, did knowing persuade, induce, and entice KBH to travel in interstate

commerce from Chicago, Illinois to Dyer, Indiana to engage in prostitution, in violation of

Indiana Code 35-45-4-2,

In violation of Title 18, United States Code, Section 2422, and Title 18, United States

Code, Section 2.

**THE GRAND JURY FURTHER CHARGES**:

## <u>COUNT ELEVEN</u>

On between January 2005  through on or between February 22, 2006, in the Northern

District of Indiana,

### JAMES C. CHOI
### BOK YOUNG, a/k/a PENNY YOUNG

defendants herein, did knowing persuade, induce, and entice SJK to travel in interstate commerce

from Atlanta, Georgia to Highland, Indiana to engage in prostitution, in violation of Indiana

Code 35-45-4-2,

In violation of Title 18, United States Code, Section 2422, and Title 18, United States

Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT TWELVE

On between January 2005 through on or between February 22, 2006, in the Northern

District of Indiana,

### SUN CHA THOMPSON
### JAMES C. CHOI

defendants herein, did knowing persuade, induce, and entice HOM to travel in interstate

commerce from the State of Georgia to Highland, Indiana to engage in prostitution, in violation

of Indiana Code 35-45-4-2,

In violation of Title 18, United States Code, Section 2422, and Title 18, United States

Code, Section 2.

## FORFEITURE ALLEGATION

Upon conviction of one or more of the Mann Act violations alleged in Counts 9 through

12, defendants, pursuant to Title 18 United States Code, Section 2253, or upon conviction of the

travel act offenses alleged in Counts 1 through 4, pursuant to 18 United States Code, Section

981(a)(1)( c) and 28 United States Code, Section 2461(c)shall forfeit to the United States any

property, real or personal, constituting or traceable to gross profits or other proceeds obtained

from any Mann Act violation, and any property real or personal used or intended to be used to

commit or promote the commission of such offense and with respect to the travel act offenses,

any property  constituting, or derived from, proceeds obtained directly or indirectly, as a result of

said violations, including but not limited to the following:

## BANK ACCOUNTS

James Choi DBA Champions Realty, Corus Bank Acc. 337986
Pressure Point Spa, Fifth Third Bank, Acc.7232809298
Niculae Tudor, Firth Third Bank, Acc. 7518735001
Alenic Limousine Service, Inc., Fifth Third Bank, Acc. 7231712766
Niculae Tudor, Fifth Third Bank, Acc. 723069872
Singapore Spa LLC, Fifth Third Bank, Acc. 7231755252
Barley Spa, Fifth Third Bank, Acc. 7233445241
JNE INC./Niculae Tudor, Fifth Third Bank, Acc. 7233272710
Sun C. Thompson, Fifth Third Bank, Acc. 7231491601
Sun Health Spa, Chase Bank, Acc.710593690
Niculae Tudor, LaSalle Bank, Acc. 797639
Sun Cha Thompson, Harris Bank, Acc. 850198991
James Choi, Foster Bank, Acc.389049
Sun C. Thompson, Fifth Third Bank, Acc. 7231758736

If the above-described forfeitable property, as a result of any act or omission of the

defendants:

-26-

a) cannot be located upon the exercise of due diligence;

b) has been transferred or sold to, or deposited with, a third person;

c) has been placed beyond the jurisdiction of the Court;

d) has been substantially diminished in value; or

e) has been co-mingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any property of said defendant(s) up to the value of the forfeitable property described above.

<div style="margin-left: 40%">
A TRUE BILL:

/s/ Foreperson
FOREPERSON
</div>

JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY


By:   /s/ Susan L. Collins
      Susan L. Collins
      Assistant United States Attorney

AO 245B     (Rev. 06/05) Judgment in a Criminal Case
            Sheet 1

# UNITED STATES DISTRICT COURT

NORTHERN                District of                 INDIANA

UNITED STATES OF AMERICA          **JUDGMENT IN A CRIMINAL CASE**
**V.**

                                  Case Number:         2:06 CR 50-04

NICULAE TUDOR                     USM Number:          08705-027

                                  Steven Shobat
                                  Defendant's Attorney

## THE DEFENDANT:

X  pleaded guilty to count(s)    one _____

☐  pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐  was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1952(a)(3) and 371 | Conspiracy to Travel in Interstate Commerce to Facilitate Illegal Prostitution Activities | March 2004 | one |

     The defendant is sentenced as provided in pages 2 through    5    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

X  Count(s)   7-10 & Information in 2:06 cr 229   ☐ is   X  are  dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 23, 2007
Date of Imposition of Judgment

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this
court and cause.
STEPHEN R. LUDWIG, CLERK
By: _____
DEPUTY CLERK
Date: 7-7-2008

/s/ Rudy Lozano
Signature of Judge

Honorable Rudy Lozano, United States District Court Judge
Name and Title of Judge

April 2, 2007
Date

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 4—Probation

Judgment---Page __2__ of __5__

DEFENDANT:    NICULAE TUDOR
CASE NUMBER:    2:06 CR 50-04

# PROBATION

The defendant is hereby sentenced to probation for a term of :    two years.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

X    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

☐    The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4. The defendant shall support the defendant's dependents and meet other family responsibilities.

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

6. The defendant shall notify the probation officer at least ten (10) days prior to any change of residence or employment.

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician.

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court.

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.

15. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
            Sheet 4A — Probation

Judgment—Page ___3___ of ___5___

DEFENDANT:        NICULAE TUDOR
CASE NUMBER:      2:06 CR 50-04

## ADDITIONAL PROBATION TERMS

The defendant shall not illegally possess a controlled substance.

The defendant shall be placed on home detention for a period of 4 months, to commence within 30 days of this Judgement Order. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at his place of residence without any "call forwarding," "Caller ID," "call waiting," modems, answering machines, cordless telephones or other special services for the above period. The defendant shall wear an electronic device and shall observe the rules specified by the Probation Department.

The defendant is to pay the cost of the electronic monitoring portion of this sentence not to exceed the daily contractual rate. Payment for the electronic monitoring shall be based on annual poverty guidelines established by the U.S. Department of Health and Human Services (HHS) on a sliding Scale for Monthly Co-Payment.  Changes to the established rate can be made by the probation officer subject to supervisory approval.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties

Judgment — Page __4__ of __5__

DEFENDANT:        NICULAE TUDOR
CASE NUMBER:      2:06 CR 50-04

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|              | **Assessment** | **Fine** | **Restitution** |
|--------------|----------------|----------|-----------------|
| **TOTALS**   | $ 100.00       | $        | $               |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐   The defendant shall make restitution (including community restitution) payable to Clerk, U.S. District Court, (street address), (city, state, zip) for the following payees in the amount listed below.

  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

**TOTALS**        $ _____    $_____

☐   Restitution amount ordered pursuant to plea agreement   $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐   the interest requirement is waived for the   ☐  fine   ☐  restitution.

    ☐   the interest requirement for the   ☐  fine   ☐  restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___5___ of ___5___

DEFENDANT:    NICULAE TUDOR
CASE NUMBER:    2:06 CR 50-04

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    X    Lump sum payment of $ ___100.00___ due immediately, balance due

☐ not later than _____ , or
☐ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

B    ☐    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

X    The defendant shall forfeit the defendant's interest in the following property to the United States:
**Per the plea agreement, the defendant agreed to forfeit $25,000 which sum represents the dollar amount of proceeds that he received from the offense to which he has plead guilty.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.